***********
After review of the record and documents from the Full Commission file, and listening to the oral arguments of the parties, the Full Commission finds that good grounds exist to remand this matter to the Deputy Commissioner section to gather evidence on whether Plaintiff sustained a specific traumatic incident of the work assigned during a cognizable period of time on or about April 6, 2007.
 ** ** ** ** ** *
On December 12, 2006, Plaintiff was making a delivery of frozen food items for Defendant-Employer. As Plaintiff started to stand up after bending over to pick up a box of frozen turkeys, he turned and felt a sharp pain in his lower back that went down his leg and caused him to go down onto the floor. Plaintiff filled out a document entitled "IFH Accident/Injury Report Warehouse and Drivers" when he returned from making his deliveries describing how his work injury occurred in the following manner: "was picking up a case of *Page 2 
turkeys [t]urned to go out on step. As turning felt pain in back and down leg." Plaintiff further noted that he went down on his knees "with a sharp pain in my back and top right leg." When Plaintiff left work on December 12, 2006, he presented to the emergency department at Catawba Valley Medical Center in Hickory, North Carolina with complaints of sharp pain in his lower back and down his right thigh/leg. Plaintiff received a diagnosis of lumbar strain and orders to remain on light-duty work restrictions with no lifting greater than 15 pounds, and no prolonged bending, twisting, stooping, or squatting until the end of the week.
On December 15, 2006, Plaintiff presented to Dr. Albert James Osbahr, III, an occupational medicine specialist, with complaints of severe lower back and right-sided pain. Dr. Osbahr noted that Plaintiff denied radiation down either of his legs. Dr. Osbahr released Plaintiff to his regular work duties with a zero (0) percent permanent partial disability rating. Over the next several months, Plaintiff continued to perform his regular work duties without any complaints of pain to Defendant-Employer, and he did not miss any days from work as a result of his December 12, 2006 work injury.
Initially, Defendant did not appear to dispute that Plaintiff sustained a compensable work injury on December 12, 2006. Defendant paid for the medical treatment that Plaintiff incurred in connection with his December 12, 2006 work injury through and including his December 15, 2006 visit with Dr. Osbahr. However, it is Defendant's position that Plaintiff's December 12, 2006 work injury completely resolved as of December 15, 2006.
It appears from the record that Plaintiff experienced an acute onset of lower back pain on or about April 6, 2007. Plaintiff testified that while working on a Friday in early April 2007 loading and unloading food items from his truck, he felt some soreness in his lower back, went home after he completed his workday, took some Motrin, went to bed, and woke up the next *Page 3 
morning with shooting pain from his lower back down into his right leg. The following Tuesday, April 10, 2007, Plaintiff presented to Dr. Osbahr's physician's assistant, Mr. Phillip Andrew Killian, with complaints of lower back pain radiating into the right leg and knee. Plaintiff followed up with Mr. Killian several other times over the following weeks, and then on May 7, 2007, he presented to Dr. Osbahr, who diagnosed Plaintiff as having acute lower back pain with radiculopathy in the right leg that was different from his December 12, 2006 work injury.
On May 9, 2007, Dr. Osbahr filled out a "Workers' Compensation Medical Status Questionnaire" form sent by Defendants, on which he opined that Plaintiff's December 12, 2006 work injury had no relationship to his current lower back condition. Further, Dr. Osbahr opined that Plaintiff's "current low back pain with radiculopathy beginning to exacerbate in early April has no workplace event or recent exacerbation." Upon receipt of Dr. Osbahr's responses to the "Workers' Compensation Medical Status Questionnaire" form, Defendants denied Plaintiff's December 12, 2006 workers' compensation claim.
On June 1, 2007, Plaintiff presented to Dr. Richard Wesley Adams, an orthopaedist, for treatment of his lower back pain and right-sided radiculopathy. Dr. Adams noted that Plaintiff had a history of lower back pain with radiation down his right leg beginning with his December 12, 2006 work injury, but that these complaints gradually improved until April 2007, when he was doing some lifting at work and reinjured his back. On June 8, 2007, Plaintiff underwent magnetic resonance imaging (MRI) of the lumbar spine, which revealed a herniated disc to the right of the mid-line with cranial extrusion at the L4-L5 level of the spine, right nerve root impingement, and marked pre-foraminal, foraminal, and post-foraminal stenosis on the right side. Thereafter, Dr. Adams continued to treat Plaintiff with conservative measures, and did not recommend surgery. Dr. Adams opined that Plaintiff's December 12, 2006 work injury caused *Page 4 
the herniated disc seen on the June 8, 2007 MRI, based upon the history that he obtained from Plaintiff of having lower back pain with right-sided radiculopathy beginning with his work injury.
It appears to the Full Commission that Plaintiff's April 6, 2007 incident at work which Dr. Osbahr diagnosed as acute lower back pain with radiculopathy in the right leg could be a specific traumatic incident of the work assigned during a cognizable period of time. Therefore, the Full Commission is putting the parties on notice that it is treating Plaintiff's April 6, 2007 incident at work in which he began to develop lower back pain after loading and unloading his delivery truck as a possible specific traumatic incident of the work assigned. However, the record before the Full Commission is incomplete with respect to Plaintiff's April 6, 2007 incident at work. The Full Commission is of the opinion that further evidence is needed in order to properly make a determination whether Plaintiff sustained a specific traumatic incident of the work assigned on or about April 6, 2007, rather than arguably a continuation of his December 12, 2006 work injury.
Therefore, the Full Commission ORDERS that this matter be remanded to Chief Deputy Commissioner Wanda Blanche Taylor for assignment to a Deputy Commissioner for the taking of evidence on whether Plaintiff sustained a specific traumatic incident of the work assigned during a cognizable period of time on or about April 6, 2007. The Deputy Commissioner assigned to this matter will determine, in his or her discretion, whether further deposition testimony is needed.
The Full Commission notes that Defendant failed to produce the "IFH Accident/Injury Report Warehouse and Drivers" form filled out by Plaintiff on December 12, 2006 until ordered by the Deputy Commissioner during the evidentiary hearing of this matter to do so. Therefore, *Page 5 
the Full Commission further ORDERS that Defendant produce all of Plaintiff's employment records since December 12, 2006, including any incident/accident reports and medical records in Defendant's possession.
The Deputy Commissioner shall gather the evidence, order a transcript of the proceedings, and forward such transcript to the Full Commission for review and decision. Upon receipt of the transcript of the remanded proceedings, the Full Commission shall enter an Order setting forth a schedule for briefing and for further oral arguments, if necessary. All correspondence from the parties to the Full Commission concerning this matter shall be directed to Bernadine S. Ballance, Commissioner.
This the ___ day of December 2009.
S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/___________________ DANNY LEE McDONALD COMMISSIONER 2
 S/___________________ STACI T. MEYER COMMISSIONER *Page 1